UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stephen J. Anderson, | C/A No. 1:17-cv-01809-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendants. | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision on the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 12, 2018, the Magistrate Judge issued a Report recommending that the Commissioner's decision be affirmed. ECF No. 18. On February 16, 2018, Plaintiff filed objections to the Report. ECF No. 19. The Commissioner filed a Reply on February 22, 2018. For the reasons stated below, the Court adopts the Report and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**BACKGROUND**

Plaintiff applied for DIB and SSI on August 15, 2013, alleging disability as of February 1, 2013. Plaintiff's applications were denied initially and upon reconsideration. On January 21, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated June 30, 2016, finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on August 10, 2017.

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report and argues that the Magistrate erred in finding that the ALJ 's decision did not exclusively rely on objective medical evidence. Plaintiff also objects to the Report because Plaintiff argues that the Magistrate erred in applying a deferential standard to an error of law.

*Objective Medical Evidence*

Plaintiff argues the Magistrate erred in finding the ALJ properly considered relevant evidence, beyond objective medical evidence, in considering Plaintiff's objective allegations. However, the Magistrate noted in the Report that the ALJ had considered the factors described in 20 C.F.R. §404.1529(c) and § 416.929(c) and SSR 16-3p along with the objective medical evidence. The ALJ specifically stated that he considered Plaintiff's activities of daily living and the opinion evidence and concluded that these factors, combined with the objective medical evidence, did not support Plaintiff's allegations of disabling symptoms and limitations. Accordingly, there is substantial evidence to support the ALJ's finding.

*Proper Legal Standard*

Plaintiff next argues that the Magistrate applied a deferential standard to the ALJ's alleged failure to apply the proper legal standard in his assessment of the limiting effects of Plaintiff's pain. Plaintiff asserts that the ALJ's inclusion of the phrase "clinical correlation of objective findings" amounts to the applications of an improper legal standard because "clinical correlation of objective findings" are not required by the regulations. However, the Report does not indicate that the Magistrate applied a deferential standard to the ALJ's application of the law. The Magistrate provides a proper recitation of the applicable law and concludes that the ALJ considered the required evidence, as explained above. Upon review of the Report, the record, and the relevant caselaw, the Court agrees that substantial evidence supports the ALJ's credibility determination.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 22, 2018
Spartanburg, South Carolina